UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MATHIESON ASSOCIATES,
INCORPORATED; CNP,
                    *Plaintiffs-Appellants,*

                    v.

CHARLES L. SHOUP; ANN L. SHOUP;
THE ARTIST'S PROOF, INCORPORATED;
POLITICAL AMERICANA; JIM WARLICK,
                    *Defendants-Appellees.*

No. 00-2444

MATHIESON ASSOCIATES,
INCORPORATED; CNP,
                    *Plaintiffs-Appellees,*

                    v.

CHARLES L. SHOUP; ANN L. SHOUP;
JIM WARLICK,
                    *Defendants-Appellants,*

                    and

THE ARTIST'S PROOF, INCORPORATED;
POLITICAL AMERICANA,
                    *Defendants.*

No. 00-2521

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-1890-A)

Submitted: January 16, 2002

Decided: February 1, 2002

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John M. DiJoseph, KAVRUKOV & DIJOSEPH, L.L.P., Arlington, Virginia, for Appellants. James M. Loots, GOLDSTEIN LOOTS, P.C., Washington, D.C.; William A. Marr, Jr., Matthew D. Banks, LAW OFFICES OF WILLIAM MARR, JR., Fairfax, Virginia; Kevin D. McInroy, MCINROY & RIGBY, L.L.P., Arlington, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Consolidated News Pictures (CNP), and its agent, Mathieson Associates, Inc. (MAI), appeal the district court's order denying their motion for partial summary judgment and granting James Warlick's cross-motion for summary judgment and the district court's order granting Defendants Charles and Ann Shoup's (Shoup) and the Artist Proof Inc.'s (API) motion for summary judgment in their copyright infringement action. Warlick and Shoup appeal the court's order denying their motion for costs and attorney's fees. We affirm all of the district court's orders.

CNP copyrighted a 1963 photograph of sixteen-year-old Bill Clinton with President Kennedy and registered the copyright in 1994.

James Warlick is the majority owner of stores called Political Americana (PA), which retails political memorabilia. In the early 1990's, API, owned by Shoup, began wholesaling assortments of political photographs in bulk to PA, including the Kennedy-Clinton photograph. API was PA's sole source of the photographs. In 1995, Plaintiffs informed Shoup and API of the 1994 copyright registration and granted API the nonexclusive right to market, advertise, and sell for any price the photograph in any form or size, in exchange for the negotiated royalty of one dollar for each image sold, retroactively from September 20, 1995 until December 31, 1996.

Plaintiffs allege Shoup and API continued to market the photograph after the licensing agreement expired by reproducing and selling it to PA and Warlick, who retailed the photographs at PA stores as late as 1999 in violation of the Copyright Act, 17 U.S.C.A. §§ 101-1101 (West 1996 & Supp. 2001).

MAI and CNP sued Shoup, API, PA, and Warlick in federal court alleging copyright infringement. Plaintiffs filed a motion for partial summary judgment as to the liability of Warlick, Shoup, and PA. Warlick filed a cross-motion for summary judgment and a motion for costs and attorney's fees. Shoup and API also moved for summary judgment. The district court denied Plaintiffs' motion for partial summary judgment and granted the motions for summary judgment filed by Warlick, Shoup, and API, finding Shoup and API had the right to sell the image wholesale to Warlick and PA, who in turn had the right to retail the image under the licensing agreement and the "first sale doctrine," codified at 17 U.S.C.A. § 109(a). The district court denied Warlick's motion for attorney's fees and costs. Plaintiffs noted a timely appeal of the rulings on the motions for summary judgment. Warlick and Shoup filed a timely cross-appeal of the orders denying costs and attorney's fees.

We review de novo the district court's rulings on the motions for summary judgment. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In determining whether summary judgment

is appropriate, we view the facts in the light most favorable to the non-moving party. *Id.* at 255.

We conclude the licensing agreement between CNP and API provided for the direct retail or wholesale sale of the Kennedy-Clinton photograph by API. We also find Warlick and PA, which purchased the photographs wholesale then retailed the photographs to the general public, did not engage in copyright infringement. *See* 17 U.S.C.A. § 109(a); *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908) (holding purchaser of copyrighted item, once sold under authority of the owner of the copyright, may sell it again). Thus, the district court did not err in granting Defendants' motions for summary judgment and denying Plaintiffs'.

We further affirm the district court's order denying Shoup's and PA's motion for costs and attorney's fees, pursuant to § 505 of the Copyright Act and Fed. R. Civ. P. 11. We find no abuse of discretion, considering the lack of evidence Plaintiffs acted maliciously, frivolously, or without objective reasonableness. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999); *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505-06 (4th Cir. 1994).

Accordingly, we affirm. Having previously granted the Appellees'/Cross-Appellants' motion to submit these appeals on briefs, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*